UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          :
KIMBERLY LEWIS, on behalf of              :     Civil Action No.:
herself and all others similarly situated, :
                                          :     Class Action Complaint
                       Plaintiff,         :
                                          :     Jury Trial Demanded
       -against-                          :
                                          :
PETSMART, INC.,                           :
                                          :
                       Defendant.         :
_____ :

       Plaintiff, Kimberly Lewis, on behalf of herself and all others similarly situated, by

her attorneys, Denlea & Carton LLP and Rubin, Hay & Gould, P.C., as and for her class

action complaint, alleges, with personal knowledge as to her own actions, and upon

information and belief as to those of others, as follows:

## Nature of this Case

       1.      This action seeks to redress the unlawful violation by PetSmart, Inc.

("PetSmart") of its customers' privacy rights under the laws of the Commonwealth of

Massachusetts.  Massachusetts law protects consumers from corporate use of their

personal information for unsolicited marketing to them and for other corporate purposes

unrelated to the completion of a credit card transaction.  PetSmart violates

Massachusetts law when it collects zip codes from its customers when they make

purchases using credit cards at its retail stores.

       2.      It is only legal for retailers to ask customers for their zip codes if the credit

card issuers require the retailers to do so.  However, it is unlawful for a retailer to collect

zip code information from its customers for any other reason.  Nevertheless, Defendant and its employees collect their credit card customers' zip codes for Defendant's own improper marketing purposes.

3.      On information and belief, Defendant collects its credit card customers' zip codes to "reverse engineer" its customers' addresses and/or telephone numbers using commercially available databases.  By inputting its customers' names and zip codes into such databases, PetSmart is often able to determine the customers' current addresses and/or telephone numbers.

4.      PetSmart then uses that personal identification information for its own unsolicited marketing purposes, such as sending junk mail directly to customers' homes without their permission.  PetSmart may even sell that personal identification information for profit to third parties.

5.      The collection of zip codes from customers engaged in a credit card transaction, except when that information is required by the credit card issuer, violates Mass. Gen. Laws  ch. 93 § 105, which provides, in relevant part:

> No person . . . that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form.  Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

6.      Pursuant to Mass. Gen. Laws ch. 93 §105 and ch. 93A § 9, this class action lawsuit is brought on behalf of a class of Massachusetts consumers whose personal identification information has been wrongfully collected by PetSmart.  The

Complaint seeks statutory damages, treble damages, injunctive relief, and attorneys' fees and expenses.

## Jurisdiction and Venue

7.     This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28. U.S.C. § 1332(d).  Jurisdiction is proper because (1) the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs; and (2) the named Plaintiff and the Defendant are citizens of different states. 28 U.S.C. §1332(d)(2)(A).

8.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because substantial actions and events giving rise to the claim occurred within this judicial district. Additionally, Defendant operates 19 retail stores and has otherwise done substantial business within this judicial district.

## Parties

9.     Plaintiff Kimberly Lewis is a citizen and resident of the Commonwealth of Massachusetts.  Ms. Lewis shops from time to time at PetSmart retail stores in Massachusetts, She uses her credit card for her purchases.  Each time Ms. Lewis presents her credit card, she is asked by a PetSmart employee to state her zip code. Ms. Lewis has been told by PetSmart's employees that she is required to provide her zip code in order to complete her credit card transactions. Believing that she is required to do so in order to complete the credit card transaction, Ms. Lewis each time provides her zip code. Subsequently, Ms. Lewis has actually received unwanted marketing materials from PetSmart, and her personal identification information may have been sold by PetSmart for a profit.

3

10.    Defendant PetSmart is a Delaware corporation with its principal place of business located at 19601 N. 27th Avenue, Phoenix, Arizona.  PetSmart purports to be the largest specialty retailer of services and solutions for the lifetime needs of pets. PetSmart operates 1301 retail stores throughout the United States, Canada, and Puerto Rico.  PetSmart currently operates 19 retail stores in Massachusetts.  PetSmart offers over 11,000 pet products in its retail stores and an additional 10,000 pet products on its website. PetSmart expects annual sales of $7 billion in 2013.

11.    PetSmart has over 35 million active trackable customers.  90% of its sales and 80% of its transactions are linked to trackable customers.

12.    On information and belief, PetSmart follows a policy of writing customers' credit card numbers, names and zip codes on an electronic credit card transaction form in connection with its customers' credit card purchases.  This policy enables PetSmart to reverse append the addresses of customers, and is one of the means by which PetSmart builds its massive database of trackable customers.

## GENERAL ALLEGATIONS

13.    PetSmart employs improper means to collect personal customer information so that it can provide marketing materials to its customers to increase its sales.  Unfortunately, by misusing the personal customer information it collects in connection with credit card transactions, PetSmart engages in intrusive, unwanted, and unsolicited direct marketing, and invades its customers' privacy. PetSmart may even sell for profit its customers' identities and purchasing information to third parties without their consent.

4

14.     In recognition of the actual and potential misuse of personal customer information, the Commonwealth of Massachusetts has enacted a law, Mass. Gen. Laws ch. 93 § 105, which prohibits retailers from collecting and/or using a customer's personal identification information in connection with a credit card transaction unless the collection of that personal identifying information is required by the credit card issuer.

15.     A similar putative class action, *Melissa Tyler v. Michaels Stores, Inc.*, Case 1:11-cv-10920-WGY, is presently pending before the Hon. William Young in the United States District Court for the District of Massachusetts.  In the related *Tyler* action, after dismissing the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, Judge Young certified three questions to the Supreme Judicial Court of Massachusetts concerning the meaning of Mass. Gen. Laws ch. 93 § 105.  The first question was "Under [G.L.c.] 93, [§]105(a), may a [zip code] be 'personal information' because a [zip code] could be necessary to the credit card issuer to identify the card holder in order to complete the transaction?"  The second question was "Under [G.L.c.] 93, [§]105(a), may a plaintiff bring an action for this privacy right violation absent identity fraud?"  The third question was "Under [G.L.c.] 93, [§]105(a), may the words 'credit card transaction form' refer to an electronic or a paper transaction form?"

16.     One of Plaintiff's counsel in the instant action, Jeffrey I. Carton, was lead counsel for plaintiff in the *Tyler* action until Mr. Carton left the firm of Meiselman, Denlea, Packman, Carton & Eberz, P.C. to establish Denlea & Carton LLP in December 2012.  Mr. Carton was the plaintiff's counsel who argued the certified questions before the Supreme Judicial Court of Massachusetts on November 6, 2012.

17.     On March 11, 2013, the Supreme Judicial Court of Massachusetts issued a landmark decision interpreting the meaning of Mass. Gen. Laws ch. 93 § 105.  *See Tyler v. Michaels Stores, Inc.*, 464 Mass. 492 (2013).  The Supreme Judicial Court answered "Yes" to each of the three certified questions.

18.     The Supreme Judicial Court held that the main purpose of Section 105(a) is not to prevent identity fraud, but rather, Section 105(a) is intended to protect consumer privacy.  The Supreme Judicial Court found that "based on the text, title and caption, and legislative history of §105, we are persuaded that the principal purpose of §105(a), in contrast to §105(b), is to guard consumer privacy in credit card transactions, not to protect against credit card identity fraud."  *Id.* at 499.  Turning to the three certified questions, the Court held first that a zip code qualifies as personal identification information under Section 105(a).  *Id.* at 500.  Second, the Court held that a plaintiff may bring an action for a violation of Section 105(a) without alleging a claim of identity fraud, but rather, to address a claim of invasion of privacy by a merchant.  *Id.* at 501.  In order to do so, a plaintiff must allege either that he or she actually received unwanted marketing materials as a result of the merchant's unlawful collection of the consumer's personal identification information or that the merchant sold the consumer's personal identification information for a profit.  *Id.* at 503-504.  Third, the Court held that the term "credit card transaction form" in Section 105(a) should be understood to refer equally to an electronic and a paper transaction form.  *Id.* at 505.

19.     PetSmart violates Mass. Gen. Laws ch. 93 § 105, as interpreted by the Supreme Judicial Court in *Tyler v. Michaels Stores, Inc.*  When a customer uses his or her credit card to make purchases at a PetSmart retail store, the employee at the

check-out counter requires the customer to provide his or her zip code in order to complete the credit card transaction.  The employee subsequently writes that zip code into an electronic credit card transaction form.

20.    On information and belief, PetSmart is not required by the credit card issuers to obtain this information.  Rather, PetSmart uses this information not for verification, but instead, for its own improper purposes.  In particular, PetSmart has the ability to match the customer's name and zip code with an address and/or telephone number, the very information § 105 prohibits it from obtaining.

21.    Consumers, like Plaintiff, have a statutorily created privacy interest in not having to divulge their personal identification information, including zip codes.

### Class Action Allegations

22.    Plaintiff brings this action on her own behalf and on behalf of a class of all persons in Massachusetts whose zip codes were obtained and recorded by PetSmart when such persons made a credit card purchase at PetSmart.

23.    Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendant.  Also excluded from the Class is any Judge presiding over this matter, and any member of said Judge's immediate family.

24.    This action meets the requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure for the following reasons:

    a.  The Class consists of thousands of persons and is therefore

7

sufficiently numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

      b.  Questions of law or fact common to the Class predominate over any questions affecting only individual members, including:

            i.     whether Defendant violated Mass. Gen. Laws ch. 93 § 105, and thereby violated Mass. Gen. Laws ch. 93A § 2;

            ii.    whether Defendant is being unjustly enriched by, among other things, selling Plaintiff's and class members' personal identification information to third parties;

            iii.   whether Plaintiff and class members have sustained damage and, if so, what is the proper measure thereof; and

            iv.   whether Defendant should be enjoined from collecting zip codes from customers using credit cards, and whether such a practice should be declared unlawful.

      c.  The claims asserted by Plaintiff are typical of the claims of the members of the Class;

      d.  Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff has retained attorneys experienced in class and complex litigation, including litigation involving consumer protection;

      e.  Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for PetSmart;

f.   PetSmart has acted on grounds that apply generally to the Class – *i.e.*, by unlawfully collecting customers' zip codes in connection with their credit card transactions, so that final injunctive relief prohibiting PetSmart from continuing to do so is appropriate with respect to the Class as a whole.

g.   A class action is superior to other available methods for the fair and efficient adjudication of the controversy because:

i.      Class members will be unable to obtain relief as a practical matter unless the action proceeds as a class action, Defendant's violations of Massachusetts law will continue without remedy; additional customers will be harmed; and Defendant will continue to retain its ill-gotten gains;

ii.      Because the damages recoverable by individual Class members are small, it would be uneconomical for individual Class members to prosecute individual actions;

iii.      When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class.

iv.      A class action will permit an orderly and expeditious prosecution of Class claims, will promote economies of time, effort, and expense, and will ensure uniformity of decisions;

v.      The lawsuit presents no difficulties that would impede its manageability by the Court as a class action; and

vi.      Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate.

25. Defendant's violations of Mass. Gen. Laws ch. 93 § 105 and Mass. Gen. Laws ch. 93A § 2 are applicable to all members of the Class. Plaintiff is entitled to have Defendant enjoined from engaging in illegal, deceptive and unfair conduct in the future.

## FIRST CAUSE OF ACTION
**(Violation of Massachusetts Unfair Trade Practices Act, Mass. Gen. Laws ch. 93A)**

26. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 25 above as if fully set forth herein.

27. Mass. Gen. Laws Ch. 93 § 105(a) provides that:

No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form.  Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.  The provisions of this section shall apply to all credit card transactions.

28. PetSmart is a corporation that accepts credit cards for retail transactions.

29. When a customer uses a credit card for a purchase at PetSmart's retail stores in Massachusetts, a PetSmart employee requests the customer to provide his or her zip code in order to complete the credit card transaction. The PetSmart employee then writes that zip code into the credit card transaction form.  The credit card transaction form appears on the computerized check-out register used to process the point-of-sale transaction.  Customers provide this information in the mistaken belief that providing a zip code is necessary to complete the transactions, and PetSmart's employees tell the customers that the customers must provide their zip codes in order to complete the credit card transactions.

30. A zip code is part of a credit card holder's address.  Therefore, a zip code is personal identification information within the meaning of Mass. Gen. Laws Ch. 93 §

105(a).  PetSmart is able to use a customer's name and zip code to determine the customer's address or telephone number through the use of commercially available databases.

31.    Mass. Gen. Law ch. 93 § 105(c) expressly provides that the collection of personal identification information, unless that information is required by the credit card issuer, is a per se violation of Mass. Gen. Laws ch 93A §2: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

32.    Mass. Gen. Laws ch.93A § 9 provides that:

Any person . . . who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two . . . may bring an action in the superior court . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper . . . Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons.

33.    Plaintiff and the members of the Class have been injured by PetSmart's collection of their zip codes in connection with their credit card transactions and Defendant's subsequent misuse of their personal identification information.  Mass. Gen. Laws. Ch. 93 § 105 creates a protected privacy interest held by consumers in not having to divulge personal identification information, including their zip codes, when they use a credit card.  Plaintiff and the Class have been injured because they have received unwanted marketing materials from PetSmart as a result of having provided their zip codes when using credit cards at PetSmart. In addition, Plaintiff and the Class

have been injured by PetSmart's misappropriation of their economically valuable

personal identification information without consideration.

34.     Mass. Gen. Laws. Ch. 93A § 9(3) requires that a written demand letter be

sent to a Defendant prior to instituting suit.  In the related putative class action, *Erin*

*Alberts, et al. v. PetSmart, Inc.*, filed on September 12, 2013, plaintiffs therein had

served, on May 1, 2013, a written demand for relief upon Defendant identifying plaintiffs

as claimants and reasonably describing the same unfair or deceptive act as alleged

herein and the injury plaintiffs and the other class members have suffered.  Defendant

did not accept the terms of the demand. Defendant made no reasonable tender of

settlement in response to the first demand.  Plaintiff  Kimberly Lewis's claims are

identical to plaintiffs' claims about which PetSmart has already received a written

demand letter.  Accordingly, because Defendant PetSmart has been put on notice of the

claims alleged herein since May 1, 2013, has actually received a written demand letter

regarding those claims, has not made a reasonable tender of settlement in response to

the first demand, and Defendant has appeared and has been defending the related

*Alberts* action, Plaintiff Kimberly Lewis is not required by Mass. Gen. Laws Ch. 93A §

9(3) to serve a demand letter upon Defendant prior to instituting this action.  *See*

*Baldassari v. Public Finance Trust*, 369 Mass. 33, 42 (1975) ("If a proper demand

[under G.L. c.93A §9(3) ] is made by one plaintiff, identifying him as the claimant and

reasonably describing the act or practice relied on and the injury suffered by him, we

think he and others similarly situated may join in a class action to redress that injury and

similar injuries caused by the same act or practice.  Multiple demands for relief need not

be filed on behalf of all members of the class.  If no reasonable tender of settlement is

made in response to the first demand, further demands are not likely to serve any useful purpose and are not required.").

## SECOND CAUSE OF ACTION
### (Unjust Enrichment)

35.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.     Defendant knowingly and willingly accepted benefits from Plaintiff and the Class consisting of their economically valuable personal identification information, while providing Plaintiff and the Class nothing in return.

37.     Under the circumstances described herein, it is inequitable for Defendant to retain the full monetary benefit of that personal identification information at the expense of Plaintiff and the Class.

38.     By engaging in the conduct described above, Defendant has unjustly enriched itself at the expense of Plaintiff and the Class, and is required, in equity and good conscience, to compensate Plaintiff and the Class for the misappropriation of their personal identification information, the amount of such compensation to be determined at trial.

## THIRD CAUSE OF ACTION
### (Declaratory Relief Pursuant to 28 U.S.C. §§ 2201 et seq.)

39.     Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 38 as if fully set forth herein.

40.     An actual controversy over which this Court has jurisdiction has arisen and now exists between the parties relating to the legal rights and duties of Plaintiff and Defendant for which Plaintiff desires a declaration of rights.

41.    A declaratory judgment is necessary to determine Plaintiff's and Class members' rights in connection with the unlawful collection of zip code information by Defendant, including, among other things, a declaration that Defendant has violated Mass. Gen. Laws. Ch. 93 § 105 and Ch. 93A §2.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.    Certifying this action as a class action, with the Class as defined above and with Plaintiff serving as class representative;

2.    On Plaintiff's First Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions in the amount of $25.00 per Class member, such damages to be trebled;

3.    On Plaintiff's Second Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions;

4.    On Plaintiff's Third Cause of Action, declaring that Defendant's practice of collecting of zip code information from customers in a credit card transaction where such information is not required by the credit card issuer to be a violation of Mass. Gen. Laws. Ch. 93 § 105 and Ch. 93A §2.

5.    Awarding Plaintiff and the Class interest, costs, and attorneys' fees; and

6.    Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

14

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: Framingham, Massachusetts
    October 24, 2013

        Respectfully submitted,

        RUBIN, HAY & GOULD, P.C.

      By: /s/  David J. Fine
        David J. Fine, Esq.
        205 Newbury Street
        Framingham, Massachusetts  01701
        Tel: (508) 875-5222
        Fax: (508) 879-6803
        dfine@rhglaw.com

        DENLEA & CARTON LLP

      By: /s/ Jeffrey I. Carton
        /s/ Robert J. Berg
        Jeffrey I. Carton, Esq.
        Robert J. Berg, Esq.
        One North Broadway
        Suite 509
        White Plains, New York 10601
        Tel: (914) 920-7400
        Fax: (914) 761-1900
        jcarton@denleacarton.com
        rberg@denleacarton.com
        *Attorneys for Plaintiff*